PATRICIA PLANTIER, Respondent, *v.* EDWARD J. GOULD et al., as Executors of NAT E. HEIT, Deceased, Appellants.

First Department, December 20, 1960.

*Mortimer J. Goodstein* of counsel (*Edward J. Gould,* in person, attorney), for appellants.

*J. B. Sheftel* of counsel (*Victor Levin* with him on the brief; *Eisman, Lee, Corn, Sheftel & Bloch,* attorneys), for respondent.

*Per Curiam.* In this action against four executors, plaintiff seeks to recover for the alleged conversion by the decedent of a ring pledged with him in his lifetime. One of the defendants was examined at length in November, 1959, both in his fiduciary capacity and as a witness. In addition, inspection was demanded and granted for the inspection of certain insurance policies of decedent.

On January 14, 1960, plaintiff filed a note of issue for trial in the February 1960 Term, together with a statement of readiness pursuant to the Special Rule Respecting Calendar Practice of

the New York Supreme Court Rules. In this statement of readiness, as required by the rule, plaintiff confirmed that certain necessary or proper preliminary proceedings, including that of examinations before trial, had been completed and that the action was ready for trial.

More than six months later, under date of July 27, 1960, plaintiff served notices calling for the examinations before trial of two other executors.

We have stated in *Price* v. *Brody* (7 A D 2d 204, 205) that '' where a plaintiff places a cause upon the calendar by the filing of a note of issue and certificate of readiness without having taken the defendant's deposition such action constitutes a waiver of plaintiff's right to take the deposition.'' This holding takes on additional emphasis in the within case, where plaintiff has already examined one of the defendants extensively.

Plaintiff asserts facts which she contends constitute the special, unusual or extraordinary circumstances that will relieve a party from strict enforcement of the rule (*Amkraut* v. *Roanoke Garment Co.,* 5 A D 2d 863; *McGuire* v. *Pick,* 8 A D 2d 800). Her contention, however, feeble at best, that she can show such extraordinary circumstances because of the difficulty of proving a personal transaction with the decedent under the restrictions of section 347 of the Civil Practice Act, has no force, since that restriction existed from the commencement of the action and was relied upon by plaintiff to secure the examination of the executor who was examined. Equally lacking in merit is plaintiff's allegation that the change of employees in her lawyer's office affected the efficient handling of her case.

Accordingly, the order dated August 17, 1960, denying defendants' motion to vacate plaintiff's notice of examination before trial of two defendants should be reversed and the motion granted, on the law, the facts, and in the exercise of discretion, with costs to defendants-appellants.

BOTEIN, P. J., BREITEL, RABIN, VALENTE and McNALLY, JJ., concur.

Order entered on August 18, 1960, denying defendants-appellants' motion for an order vacating plaintiff's notice of examination before trial of two of the defendants, unanimously reversed, on the law, on the facts, and in the exercise of discretion, with $20 costs and disbursements to the appellants, and the motion granted, with $10 costs.